JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
William Eshleman

## DEFENDANTS
Patrick Industries, Inc.

(b) County of Residence of First Listed Plaintiff: Lancaster
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Lancaster
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Samuel A. Dion, Esq.
1845 Walnut Street, Suite 1199
Philadelphia, PA 19103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
ADA
Brief description of cause: Wrongful termination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 09/06/2017
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM ESHLEMAN | : | |
| v. | : | NO.: |
| PATRICK INDUSTRIES, INC. | : | **JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

### *Parties*

1. Plaintiff, Williams Eshleman, is an adult individual who at all times material to this action resided at and continues to reside at 121 East Cottage Avenue, Millersville, PA 17551.

2. Defendant, Patrick Industries, Inc., is a corporation with a place of business located 32 Eby Chiques Road, Mount Joy, PA 17552 and employs hundreds of people nationally.

### *Jurisdiction*

3. This Court has jurisdiction over this matter pursuant to the Americans With Disabilities Act of 1990, 42 U.S.C. Section 12111 et seq. (hereinafter "ADA"). This Complaint has been filed within 90 days after issuance of a Notice of Right to Sue by the EEOC.

### *Facts*

4. On July 16, 2013, plaintiff first became employed by defendant as a truck driver at defendant's facility in Mt. Joy, PA.

5. Between October 14, 2015 and December 14, 2015, plaintiff took medical leave to undergo surgery to remove a nodule from his left lung.

6. Plaintiff was able to return to work full duty on December 15, 2015.

7. Plaintiff thereafter took a brief medical leave between January 27, 2016 and January 31, 2016 for a severe upper respiratory infection.

8. Plaintiff returned to work full for defendant duty on February 1, 2016 by order of his physician.

9. On both February 1-2, 2016, plaintiff worked his full shift for defendant.

10. Plaintiff was also approved for two vacation days during his absence from work caused by the upper respiratory infection.

11. At the end of his shift on February 2, 2016, plaintiff's supervisor Leo informed plaintiff that he was being terminated due to "performance issues."

12. Plaintiff reminded Leo that Mr. Fisher (another supervisor) gave him a great performance evaluation at the beginning of January 2016 with all 4.5's and one 5 out of 5 in each category.

13. Leo falsely alleged that plaintiff's evaluation was a 2.9.

14. Leo also falsely accused plaintiff of not calling out sick between January 27-29, 2016.

15. These were the only reasons given to plaintiff for his termination on February 2, 2016.

16. After his termination, plaintiff learned that defendant claimed that he was terminated for "behavioral issues."

17. Defendant's shifting proffered reasons for plaintiff's termination are all false.

18. The true reason why plaintiff was terminated by defendant was because defendant wrongly regarded him as disabled.

19. Defendant and its agents wrongly believed that plaintiff was unreliable, a liability, and unable to perform a wide range of jobs based upon his recent history of illness-related absences between October 14, 2015 and February 1, 2016.

20. ADA case law since 1995 has indicated that it is a violation of the ADA to terminate an employee if the employer perceives that the employee is unreliable or undependable based upon his history of absences due to illness. See Young v. Bank of Boston, 1995 U.S. Dist. LEXIS 22075 at *3-*5 (D.Conn. 1995); Hicks v. The Tech Industries, 512 F. Supp. 2d 338 (W.D.Pa. 2007); and Adams v. Interarch, Inc., 2008 U.S. Dist. LEXIS 105864 (D.N.J. 2008).

21. 35. Defendant's actions violated the Americans with Disabilities Act (ADA) because plaintiff was discriminated against and terminated in substantial part because she was disabled and requested an accommodation for her disability.

22. Defendant is responsible for the actions of its agents because they were plaintiff's supervisors and they had the power to hire, fire.

23. Defendant and its agents undertook a course of conduct toward plaintiff and terminated his employment by solely because he was regarded as being disabled.

24. Plaintiff was subjected to humiliation, embarrassment, and mental anguish as a consequence of defendant's unlawful adverse employment action taken against plaintiff.

25. Plaintiff was suffered lost pay and other financial losses, and he was subjected to humiliation, embarrassment, and mental anguish as a consequence of defendants' termination of his employment.

## COUNT 1– ADA

26. Plaintiff repeats paragraphs 1-25 as if more fully set forth herein.

27. By and through its conduct, defendant violated the ADA by intentionally discriminating against plaintiff and by terminating his employment because of his perceived disability.

WHEREFORE, plaintiff demands that judgment be entered in his favor on Counts 1 against defendant for lost pay, lost bonuses, lost benefits, other financial losses, compensatory damages for emotional pain and suffering, punitive damages, attorneys' fees, costs, interest, and any other relief that this Honorable Court deems to be fair and proper.

/s/ Samuel A. Dion

Samuel A. Dion, Esq.
Dion & Goldberger
1845 Walnut Street, Suite 1199
Philadelphia, PA 19103
(215) 546-6033
Fax (215) 546-6269
Email: samueldion@aol.com

/s/ Richard B. Bateman, Jr.

Date: September 5, 2017

Richard B. Bateman, Jr., Esq.
21 West Second Street
Suite 300
Media, PA 19063
610-566-3322
Fax: 610-548-9986
Email: batemanlaw@aol.com
Attorneys for Plaintiff