# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM ESHLEMAN<br><br>Plaintiff,<br><br>v.<br><br>PATRICK INDUSTRIES, INC.<br><br>Defendant. | CIVIL ACTION<br>NO. 17-4427 |

## MEMORANDUM

**SCHMEHL, J. /s/ JLS**                                                                                                                         **JUNE 29, 2018**

      Defendant Patrick Industries, Inc. moves to dismiss Plaintiff William Eshleman's Complaint. Mr. Eshleman argues his employer, Patrick Industries, violated the Americans with Disabilities Act ("ADA") when it regarded him as disabled and terminated his employment because of his perceived disability. Patrick Industries moves to dismiss the complaint alleging Mr. Eshleman fails to plead a plausible right to relief under the ADA because: 1) Patrick Industries did not regard Mr. Eshleman as disabled; and 2) Mr. Eshleman's purported disability would be both transitory and minor. For the reasons that follow, Defendant Patrick Industries' Motion to Dismiss (ECF Docket No. 3) is granted. Mr. Eshleman is granted leave to amend the complaint.

## I.    FACTS ALLEGED

      Patrick Industries hired Mr. Eshleman in 2013 as a truck driver at its facility in Mt. Joy, Pennsylvania. (ECF Docket No. 1, ¶ 4.) Mr. Eshleman had surgery to remove a nodule from his left lung and took medical leave from October 14, 2015 to December 14, 2015. (Id. at ¶ 5.) Mr. Eshleman returned to "work full duty" on December 15, 2015. (Id. at ¶ 6.) Mr. Eshleman then suffered a severe upper respiratory infection and again took medical leave from January 27, 2016

to January 31, 2016. (Id. at ¶ 7.) According to Mr. Eshleman, Patrick Industries approved two vacation days during his upper respiratory infection. (Id. at ¶ 10.) Mr. Eshleman returned to "work full duty" on February 1, 2016, "by order of his physician." (Id. at ¶ 8.) Following his return from the second medical leave on February 2, 2016, Mr. Eshleman worked his entire shift until Patrick Industries terminated his employment. (Id. at ¶ 9.)

On February 2, 2016, Patrick Industries terminated Mr. Eshleman's employment citing "performance issues." (Id. at ¶ 11.) Mr. Eshleman immediately disputed his termination claiming he received "a great performance evaluation," which included "4.5's and 5 out of 5 on each category." (Id. at ¶ 12.) During a meeting with Mr. Eshleman, "Leo" – one of Mr. Eshleman's supervisors – disputed Mr. Eshleman's claim that he received "4.5" and "5 out of 5 on each category" of his performance review. (Id. at ¶ 13.) "Leo" informed Mr. Eshleman that he actually received a 2.9 on his performance evaluation. (Id.) Also, "Leo" informed Mr. Eshleman that Patrick Industries terminated his employment – in part – because of his unexcused two-day absence between January 27, 2016 and January 29, 2016. (Id. at ¶¶ 14-15.) Mr. Eshleman later learned that Patrick Industries allegedly terminated his employment for "behavioral issues." (Id. at ¶ 16.) Mr. Eshleman claims the reasons given for his termination were false and he was ultimately terminated because Patrick Industries wrongly regarded him as disabled. (Id. at ¶¶ 17-18.) As a result of his termination, Mr. Eshleman suffered lost pay, financial losses, and was subjected to humiliation, embarrassment, and mental anguish. (Id. at ¶¶ 24-25.)

## II. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011) (citing *Iqbal*, 556 U.S. at 678). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679); *see also Burtch*, 662 F.3d at 221; *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010).

III. <u>ANALYSIS</u>

The Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, prohibits covered employers from discriminating against qualified individuals on the basis of their disabilities. *Williams v. Philadelphia Housing Authority Police Dept.*, 380 F.3d 751, 755 (3d Cir. 2004). In order to establish a prima facie case of disability discrimination, a plaintiff must show: "(1) he is

3

a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." *Id.* (citing *Gaul v. Lucent Technologies, Inc.*, 134 F.3d 576, 580 (3d Cir. 1998)). Under the ADA, a person is "disabled" if they: (1) have a physical or mental impairment that substantially limits one or more of their major life activities; (2) have a record of such an impairment; or (3) are regarded as having such an impairment. 42 U.S.C. § 12101(1).

As Mr. Eshleman alleges Patrick Industries terminated his employment because it "wrongly regarded him as disabled," this Court will address "regarded as" discrimination under the ADA.

    a. <u>Patrick Industries regarded Mr. Eshleman as disabled.</u>

While the definition of "disability" includes being "regarded as" having an impairment, the Act does not distinguish between being "disabled" by virtue of being "actually disabled" or being "disabled" by virtue of being "regarded as" disabled. The perception of being disabled "may prove just as disabling." *Williams v. Philadelphia Housing Authority Police Dept.*, 380 F.3d 751, 774 (3d Cir. 2004). An employee is "regarded as" disabled under the ADA when an employer "misinterpret[s] information about an employee's limitations to conclude that the employee is incapable of performing a wide range of jobs." *Ross v. Kraft Foods North America, Inc.*, 347 F.Supp.2d 200, 204 (E.D. Pa. 2004) (citing *Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 381 (3d Cir. 2002)). "To be covered under the 'regarded as' prong of the ADA the employer must 'regard[ ] the employee to be suffering from an impairment within the meaning of the statutes, not just that the employer believed the employee to be somehow disabled.'" *Id.* at 204.

An inference of "regarded as" disability discrimination may be made following adverse actions suffered by an employee shortly after an employer learns of the disability. *Kiniropoulos*, 917 F.Supp.2d at 386 (citing *Warshaw v. Concentra Health Servs.*, 719 F.Supp.2d 484, 496 (E.D. Pa. 2010)). "[A]s a general matter, a fact-finder could reasonably conclude that adverse actions suffered by an employee shortly after an employer learns of the disability are, in fact, based on the employer's belief that the employee is limited in a major life activity." *Warshaw*, 719 F.Supp.2d at 496*; see also Bullock v. Balis & Co.*, 2000 WL 1858719, at *5 (E.D. Pa. Dec. 19, 2000) (concluding termination two weeks after disclosure of ADD condition sufficient to raise an inference of "regarded as" disability discrimination); *Stewart v. Bally Total Fitness*, 2000 WL 1006936, at *5 (E.D. Pa. Jul. 20, 2000) (finding temporal proximity of plaintiff's demotion, suspension, and dismissal to onset of symptoms of bipolar disorder sufficient to raise an inference of "regarded as" disability discrimination).

Patrick Industries argues Mr. Eshleman failed to plead a plausible right to relief for "regarded as" disability under the ADA. (ECF Docket No. 3, at 5.) Specifically, Patrick Industries alleges "[t]here is not one comment, statement, or reference in the Complaint that Patrick Industries even mentioned or discussed Eshleman's illness in any context." (Id.) Given Mr. Eshleman's Complaint and lack of "comments, statements[,] or behaviors," Patrick Industries denies it had any knowledge of or perception that Eshleman suffered from an impairment of any kind. (Id.) Patrick Industries alleges Mr. Eshleman's Complaint is devoid of any allegations or suggestions that Patrick Industries ever "believed that Mr. Eshleman was limited in any way from performing his job." (Id. at 6.) Also, Patrick Industries argues that because Mr. Eshleman's physician cleared him to return to "full duty work" on February 1, 2016, and was subsequently terminated on February 2, 2016, "no one from Patrick Industries ever

5

commented or believed that Eshleman was limited in his ability to perform his job either before or after his respiratory infection." (Id. at 6.)

Viewing the facts in the light most favorable to Mr. Eshleman, this Court concludes Mr. Eshleman sufficiently pleads a plausible right to relief under the ADA. While Patrick Industries argues Mr. Eshleman's Complaint lacks specific comments or statements about his perceived disability, Mr. Eshleman is not required to provide hypertechnical details under the Federal Rules of Civil Procedure. Mr. Eshleman alleges Patrick Industries "wrongly regarded him as disabled" and therefore terminated his employment. (ECF Docket No. 3, ¶ 18.) Mr. Eshleman argues Patrick Industries "wrongly believed that [Mr. Eshleman] was unreliable, a liability, and unable to perform a wide range of jobs based upon his recent history of illness-related absences between October 14, 2015 and February 1, 2016." (Id. at ¶ 19.)

Further, similar to this Court's decisions in *Warshaw*, *Bullock*, and *Stewart*, the temporal proximity of Mr. Eshleman's termination – February 2, 2016 – to his return from his second medical leave – February 1, 2016 – is sufficient to raise an inference of "regarded as" disability discrimination. Although Mr. Eshleman returned to work after his longer absence without issue, the time between his second return form medical leave and his termination cannot be ignored.

Accordingly, the facts pleaded by Mr. Eshleman regarding his termination and the temporal proximity between Mr. Eshleman's medical leave and his termination are sufficient to support an inference that Patrick Industries regarded Mr. Eshleman as disabled.

b. <u>Mr. Eshleman's impairment is both "transitory" and "minor."</u>

While the meaning of "disabled" is construed in favor of broad coverage under the Act, temporary non-chronic impairment that is transitory in nature – lasting fewer than sixth months – is not covered under the ADA and may be raised as an affirmative defense under the statute.

6

*Kiniropoulos*, 917 F.Supp.2d 385 (citing *Macfarlan v. Ivy Hill SNF*, LLC, 675 F.3d 266, 274 (3d Cir. 2012); *see also Koci v. Central City Optical Company*, 69 F.Supp.3d 483, 486 (E.D. Pa. 2014); *see also* 42 U.S.C. § 12102(3)(B). "While ordinarily a party may not raise affirmative defenses at the motion to dismiss stage, it may do so if the defense is apparent on the face of the complaint." *Budhun v. Reading Hosp. and Medical Center*, 765 F.3d 245, 259 (3d Cir. 2014) (internal citations omitted) (citing *Ball v. Famiglio*, 726 F.3d 448, 459 n. 16 (3d Cir. 2013)).

To establish this defense, an employer must demonstrate that the perceived impairment is objectively "transitory" and "minor." 29 C.F.R. § 1630.15(f). An employer may not defeat "regarded as" coverage by demonstrating it subjectively believed the impairment was transitory and minor; "rather, the covered entity must demonstrate that the impairment is (in the case of an actual impairment) or would be (in the case of a perceived impairment) both transitory and minor." *Id.* For example, an employer may not take advantage of this affirmative defense by claiming an employee's impairment is transitory and minor if the employer terminates an employee whom it believes has bipolar disorder because bipolar disorder is not objectively transitory and minor.

As addressed above, Mr. Eshleman took medical leave from October 14, 2015 to December 14, 2015 after having surgery to remove a nodule from his left lung. (ECF Docket No. 1, ¶ 5.) Mr. Eshleman returned to "work full duty" on December 15, 2015. (Id. at ¶ 6.) Mr. Eshleman took a second medical leave from January 27, 2015 to January 31, 2016 for a severe upper respiratory infection. (Id. at ¶ 7.) Mr. Eshleman returned to "work full . . . duty" on February 1, 2016. (Id. at ¶ 8.) Following his return to work on February 1, 2016, Patrick Industries terminated Mr. Eshleman on February 2, 2016, citing "performance issues" and then "behavioral issues." (Id. at ¶¶ 11-16.)

Patrick Industries cites a number of cases from our Circuit and this Court regarding transitory impairments. (ECF Docket No. 3.) In *Budhun*, our Circuit concluded plaintiff's impairment – a broken finger – was "objectively transitory and minor." (Id. at 8) (citing *Budhun*, 765 F.3d at 260). The plaintiff in *Budhun* described the loss of the use of plaintiff's pinky finger as "temporary." (Id. at 9) (citing *Budhun*, 765 F.3d at 260). Similarly, in *Michalesko*, our Circuit concluded plaintiff's alleged mental infirmity – acute stress reaction with anxiety distress – was an objectively transitory and minor impairment. (Id. at 9) (citing *Michalesko v. Freeland Borough*, 658 Fed.Appx. 105, 106-107 (3d Cir. 2016)). And finally, this Court in *Kurylo* dismissed the complaint concluding "the complaint pleads only that plaintiff had a 'stomach problem' that caused him to miss approximately two weeks of work." (Id. at 10) (citing *Kurylo v. Parkhouse Nursing and Rehab, Ctr., LP*, No. 17-00004, 2017 WL 1208065 (E.D. Pa. Apr. 3, 2017).

Patrick Industries argues Mr. Eshleman's "severe respiratory infection," occurring from January 27 to January 31, could be both transitory and minor. (Id. at 11.) Because Mr. Eshleman worked both shifts on February 1st and February 2nd before his termination, Patrick Industries contends, his impairment was not serious or long term. (Id.) Also, Patrick Industries disputes whether Mr. Eshleman's surgery to remove a nodule and the period of leave following the procedure could be objectively serious and not transitory and minor. (Id. at 11 n.3.) "The surgery to remove a nodule is likewise objectively transitory and minor and there are no allegations of any comments, statements, and/or actions that occurred upon his return to work related to such surgery nor was it referenced at any time prior to his termination of employment." (Id.)

While Mr. Eshleman alleges his termination occurred because Patrick Industries regarded him as disabled, Mr. Eshleman's Complaint lacks any proof that his surgery and severe upper respiratory infection were anything but transitory and minor. Mr. Eshleman specifically alleges his surgery resulted in a two month absence from work, and his respiratory infection resulted in a four day absence from work. (Id. at ¶¶ 5-8.) Notably, Mr. Eshleman asserts the doctors cleared him to "work full duty" after both medical absences. (Id.) Mr. Eshleman provides numerous conclusory statements but clearly lacks factual allegations suggesting that his impairment could be long-term or could substantially limit the nature of his condition. Nowhere in his complaint does Mr. Eshleman allege Patrick Industries thought his impairment was anything other than a one-time surgery and a one-time severe upper respiratory infection, given his return to "work full duty." Accordingly, this Court concludes that Mr. Eshleman's impairment would be both objectively transitory and minor.

Because Mr. Eshleman's impairment would be objectively transitory and minor, his claim for "regarded as" disability against Patrick Industries must fail even though there is a mere allegation that Patrick Industries regarded Mr. Eshleman as disabled.

## IV. CONCLUSION

In the accompanying order, this Court grants Defendant Patrick Industries, Inc.'s Motion to Dismiss. While the temporal proximity between Mr. Eshleman's medical absences and his termination is sufficient to support an inference that Patrick Industries regarded Mr. Eshleman as disabled, Mr. Eshleman's alleged impairment would be both objectively transitory and minor. Mr. Eshleman will be given leave to amend his complaint for the purpose of setting forth additional facts, if available, to substantiate the perceived non-transitory nature of his impairment.