IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM ESHLEMAN<br><br>Plaintiff,<br><br>v.<br><br>PATRICK INDUSTRIES, INC.<br><br>Defendant. | CIVIL ACTION<br>NO. 17-4427 |

### MEMORANDUM

**SCHMEHL, J. /s/ JLS**                            **FEBRUARY 14, 2019**

The Americans with Disabilities Act ("ADA") protects individuals with disabilities from being discriminated against on the basis of an actual or perceived disability. This case involves "regarded as" disability and an employee's termination following almost nine-weeks of medical leave. Defendant Patrick Industries, Inc. moves to dismiss Plaintiff William Eshleman's Amended Complaint arguing Mr. Eshleman failed to sufficiently plead a plausible right to relief that Patrick Industries regarded Mr. Eshleman as disabled, and that Mr. Eshleman's injury was anything but transitory and minor. Construing the pleadings in the light most favorable to the nonmoving party, this Court grants Patrick Industries' motion to dismiss (Docket No. 16).

### I.    FACTUAL AND PROCEDURAL BACKGROUND

This Court granted Patrick Industries' first motion to dismiss without prejudice permitting Mr. Eshleman leave to amend the complaint setting forth additional facts, if available, to substantiate the perceived non-transitory nature of his impairment. Some background can be carried over from this Court's prior opinion:

> Patrick Industries hired Mr. Eshleman in 2013 as a truck driver at its facility in Mt. Joy, Pennsylvania. Mr. Eshleman had surgery to remove a nodule from his left lung and took medical leave from October 14, 2015 to December 14, 2015. Mr. Eshleman returned to "work full duty" on December 15, 2015. Mr. Eshleman then suffered a severe upper respiratory infection and again took medical leave from January 27, 2016 to January 31, 2016. According to Mr. Eshleman, Patrick Industries approved two vacation days during his upper respiratory infection. Mr. Eshleman returned to "work full duty" on February 1, 2016, "by order of his physician." Following his return from the second medical leave on February 2, 2016, Mr. Eshleman worked his entire shift until Patrick Industries terminated his employment.
>
> On February 2, 2016, Patrick Industries terminated Mr. Eshleman's employment citing "performance issues." Mr. Eshleman immediately disputed his termination claiming he received "a great performance evaluation," which included "4.5's and 5 out of 5 on each category." During a meeting with Mr. Eshleman, "Leo" – one of Mr. Eshleman's supervisors – disputed Mr. Eshleman's claim that he received "4.5" and "5 out of 5 on each category" of his performance review. "Leo" informed Mr. Eshleman that he actually received a 2.9 on his performance evaluation. Also, "Leo" informed Mr. Eshleman that Patrick Industries terminated his employment – in part – because of his unexcused two-day absence between January 27, 2016 and January 29, 2016. Mr. Eshleman later learned that Patrick Industries allegedly terminated his employment for "behavioral issues." Mr. Eshleman claims the reasons given for his termination were false and he was ultimately terminated because Patrick Industries wrongly regarded him as disabled. As a result of his termination, Mr. Eshleman suffered lost pay, financial losses, and was subjected to humiliation, embarrassment, and mental anguish.

(ECF Docket No. 13, at 1-2) (internal citations omitted).

We concluded Mr. Eshleman sufficiently pleaded a plausible right to relief under "regarded as" disability; but because he failed to allege sufficient facts to establish his impairment was non-transitory, we dismissed Mr. Eshleman's complaint without prejudice allowing him to re-file and plead sufficient facts to substantiate the perceived non-transitory nature of his impairment. (ECF Docket No. 13, at 7-9.) Mr. Eshleman then filed an amended complaint and Patrick Industries again moved to dismiss. Mr. Eshleman supplemented the amended complaint with facts relating to his perceived

2

impairment. (ECF Docket No. 15.) Specifically, Mr. Eshleman provides he "informed Mr. Fisher that the nodule had to be removed and checked to see if it was cancerous." (ECF Docket No. 15, at 2.) Now we consider Patrick Industries' motion to dismiss.

## II. **STANDARD OF REVIEW**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011) (citing *Iqbal*, 556 U.S. at 678). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675,

3

679); *see also Burtch*, 662 F.3d at 221; *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010).

III. **ANALYSIS**

An understanding of the issue before this Court requires us to restate our previous analysis of "regarded as" disability:

> The Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, prohibits covered employers from discriminating against qualified individuals on the basis of their disabilities. *Williams v. Philadelphia Housing Authority Police Dept.*, 380 F.3d 751, 755 (3d Cir. 2004). In order to establish a prima facie case of disability discrimination, a plaintiff must show: "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." *Id.* (citing *Gaul v. Lucent Technologies, Inc.*, 134 F.3d 576, 580 (3d Cir. 1998)). Under the ADA, a person is "disabled" if they: (1) have a physical or mental impairment that substantially limits one or more of their major life activities; (2) have a record of such an impairment; or (3) are regarded as having such an impairment. 42 U.S.C. § 12101(1).

(ECF Docket No. 13, at 3-4.) We will not address "regarded as" disability as we already determined Mr. Eshleman sufficiently pleaded a plausible right to relief for "regarded as" disability.[1] But we must reexamine the nature of Mr. Eshleman's perceived impairment as Patrick Industries raised it as an affirmative defense and we allowed Mr. Eshleman an opportunity to provide additional facts to substantiate the perceived non-transitory nature of the impairment. (ECF Docket No. 14.)

---

[1] Our previous Opinion established Mr. Eshleman pleaded a right to relief under the ADA. We stated: "Mr. Eshleman alleges Patrick Industries 'wrongly regarded him as disabled' and therefore terminated his employment. Mr. Eshleman argues Patrick Industries 'wrongly believed that [Mr. Eshleman] was unreliable, a liability, and unable to perform a wide range of jobs based upon his recent history of illness-related absences between October 14, 2015 and February 1, 2016.' Further, similar to this Court's decisions in *Warshaw*, *Bullock*, and *Stewart*, the temporal proximity of Mr. Eshleman's termination – February 2, 2016 – to his return from his second medical leave – February 1, 2016 – is sufficient to raise an inference of 'regarded as' disability discrimination. Although Mr. Eshleman returned to work after his longer absence without issue, the time between his second return form medical leave and his termination cannot be ignored." (ECF Docket No. 13, at 6) (internal citations omitted).

4

a. <u>Mr. Eshleman fails to allege his perceived impairment was not "transitory and minor."</u>

As explained in our prior Opinion, temporary non-chronic impairment that is transitory in nature–lasting fewer than sixth months–is not covered under the ADA and may be raised as an affirmative defense under the statute. *Kiniropoulos*, 917 F.Supp.2d 385 (citing *Macfarlan v. Ivy Hill SNF*, LLC, 675 F.3d 266, 274 (3d Cir. 2012); *see also Koci v. Central City Optical Company*, 69 F.Supp.3d 483, 486 (E.D. Pa. 2014); *see also* 42 U.S.C. § 12102(3)(B). An affirmative defense to an ADA claim may be raised if it is apparent on the face of the complaint the impairment, or perceived impairment, is "transitory and minor"–meaning it has an actual or expected duration of six months or less. *Budhun v. Reading Hosp. and Medical Center*, 765 F.3d 245, 259 (3d Cir. 2014) (citing 29 C.F.R. § 1630.15(f); *Ball v. Famiglio*, 726 F.3d 448, 459 n. 16 (3d Cir. 2013)).

Whether a perceived impairment is "transitory and minor," our Court of Appeals explained, is determined objectively: "the relevant inquiry is whether the impairment that the employer perceived is an impairment that is objectively transitory and minor." *Id.* As we previously stated:

> [A]n employer may not take advantage of this affirmative defense by claiming an employee's impairment is transitory and minor if the employer terminates an employee whom it believes has bipolar disorder because bipolar disorder is not objectively transitory and minor.

(ECF Docket No. 13, at 7.) In *Budhun*, our Court of Appeals concluded a broken bone in plaintiff's hand was objectively "transitory and minor" as the complaint did not allege the defendant believed the injury to be anything other than a "broken fifth metacarpal"; the plaintiff's amended complaint conceded the "loss of the use of her pinky finger as

5

'temporary'" as the injury resulted in the plaintiff's inability to use three fingers for almost two months. *Budhun*, 765 F.3d at 260. Also, as we analyzed:

> [I]n *Michalesko*, our Circuit concluded plaintiff's alleged mental infirmity – acute stress reaction with anxiety distress – was an objectively transitory and minor impairment. (citing *Michalesko v. Freeland Borough*, 658 Fed.Appx. 105, 106-107 (3d Cir. 2016)). And finally, this Court in *Kurylo* dismissed the complaint concluding "the complaint pleads only that plaintiff had a 'stomach problem' that caused him to miss approximately two weeks of work." (citing *Kurylo v. Parkhouse Nursing and Rehab, Ctr., LP*, No. 17-00004, 2017 WL 1208065 (E.D. Pa. Apr. 3, 2017).

(ECF Docket No. 13, at 8) (internal citations omitted).

Mr. Eshleman now avers he required surgery to remove a nodule from his left lung to determine if it was cancerous. (ECF Docket No. 15, ¶¶ 6-7.) As addressed in our prior Opinion, Mr. Eshleman's first medical leave began October 14, 2015, and ended December 14, 2015; Mr. Eshleman returned to work "full duty" on December 15, 2015. (Id. at ¶¶ 6-8.) Suffering from a severe upper respiratory infection, Mr. Eshleman took a second medical leave from January 27, 2016, to January 31, 2016. (Id. at ¶ 9.) Mr. Eshleman returned to work "full duty" by order of his physician on February 1, 2016, and worked full shifts on both February 1, 2016, and February 2, 2016. (Id. at ¶¶ 10-11.) Following Mr. Eshleman's return to work, Patrick Industries terminated him on February 2, 2016, citing performance and behavioral issues. (Id. at ¶¶ 13-18.)

Mr. Eshleman argues his surgery to remove a nodule to determine if it was cancerous is objectively non-transitory and could cause an "employer to perceive that an impairment is more than transient and minor." (ECF Docket No. 17, at 2.) Though he admits his complaint contains conclusory statements, Mr. Eshleman argues Patrick Industries' agents "perceived that he suffered from long-term or chronic medical condition which would affect his attendance in the future, like it had in the immediate

past, due to what they perceived as continuing medical issues." (Id.) Patrick Industries disputes this claim arguing the additional information does not substantiate the perceived non-transitory nature of Mr. Eshleman's impairments. (ECF Docket No. 16.) Notably, Mr. Eshleman's doctors allowed him to return to work "full duty" after both impairments; nowhere does Mr. Eshleman plead Patrick Industries understood his impairment to be anything other than a one-time surgery given his return to work full duty. (Id. at 6.) Specifically, Mr. Eshleman returned to work without limitation eight weeks after the surgery and five days after the severe respiratory infection. (ECF Docket No. 15, at ¶¶ 8-10.)

While this Court is sympathetic to serious life-altering conditions like cancer, a surgery to remove a nodule with only eight weeks medical leave cannot be considered anything but transitory and minor. While Mr. Eshleman alleges he informed Patrick Industries his surgery was necessary to check for cancer, the complaint lacks any proof that his surgery and severe upper respiratory infection were anything but transitory and minor. (Id. at ¶ 7.) That the complaint now provides Mr. Eshleman notified Patrick Industries of the surgery and its purpose does not affect our analysis. (Id.) As a result, we must look only to Mr. Eshleman's surgery to ascertain the nature of the impairment and not the possibility of a cancer diagnosis as Mr. Eshleman fails to allege he was ever diagnosed with cancer. In doing so, we find Mr. Eshleman's impairment objectively transitory and minor. As we explained, Mr. Eshleman concedes the first medical leave lasted eight weeks and the second medical leave lasted five days. Notably, Mr. Eshleman asserts the doctors cleared him to work "full duty" after both medical absences. (Id. at ¶¶

8-10.) So, the actual or expected duration of Mr. Eshleman's impairment lasted less than six months making it transitory and minor.

Even after allowing Mr. Eshleman to amend the complaint, the facts alleged cannot possibly give rise to an entitlement for relief because his impairment is still considered objectively transitory and minor. And so, Mr. Eshleman's renewed claim for "regarded as" disability against Patrick Industries fails.

b. <u>Mr. Eshleman cannot amend the complaint as amendment would be futile.</u>

Amendment may occur only with the opposing party's consent or leave of court. Fed.R.Civ.P. 15(a)(2). Governed by Federal Rule of Civil Procedure 15(a)(2), amendment shall be freely granted "when justice so requires," unless amendment would be futile and not cure the deficiency in the original complaint. *Budhun*, 765 F.3d at 259; *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir.2006). Our Court of Appeals instructs us against granting leave to amend if the amended complaint would not survive a motion to dismiss for failure to state a claim. *Id.*; *see also Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 243 (3d Cir. 2010). As this Court has explained, an amended complaint is subject to dismissal if the plaintiff fails to plead a plausible right to relief. *Twombly*, 550 U.S. 544, 570 (2007).

Although we previously determined Patrick Industries regarded Mr. Eshleman as disabled, Mr. Eshleman is unable to cure the defect regarding the transitory and minor nature of his perceived impairment. After granting leave to amend, Mr. Eshleman alleges he informed Patrick Industries of the surgery's purpose–which still resulted in Mr. Eshleman's eight-week absence, far below the sixth months delineation imposed by 42 U.S.C. § 12102(3)(B). Also, Mr. Eshleman provides no new facts regarding his five-day

absence from a severe respiratory infection. In total, these impairments forced Mr. Eshleman to miss almost nine weeks; Mr. Eshleman returned to work "full duty" on both occasions.

Because Mr. Eshleman cannot establish that his perceived impairment is non-transitory, and no further amendment would cure this defect, amendment would be futile as the complaint would not survive a renewed motion to dismiss.

## IV. CONCLUSION

In the accompanying order, this Court grants Defendant Patrick Industries, Inc.'s Motion to Dismiss the First Amended Complaint. Mr. Eshleman's alleged impairment is objectively transitory and minor and no amendment would cure this defect. Mr. Eshleman will not be granted further leave to amend.